**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00266-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Eugene Strong, Jr., | |
| Defendant. | |

Before the Court is Defendant's Motion for Compassionate Release. (Doc. 42.) The motion has been fully briefed and, for the following reasons, is denied.

**I. Background**

In October 2018, Defendant was sentenced to serve 84 months in the Bureau of Prisons ("BOP"), for Brandishing a Firearm During a Crime of Violence, a Class A felony. He admitted robbing three tellers at a Phoenix Federal Credit Union, displaying a handgun during the robbery, and firing one round into the ceiling when he felt one of the tellers did not seem intimidated. The $3,700 he stole was recovered upon apprehension. (Doc. 37 at 1, 6-7.) Defendant, who is housed at Berlin FCI, began serving his sentence in February 2018. His projected release date is April 11, 2024. He has served approximately 65% of his sentence.

**II. The First Step Act**

Until passage of the First Step Act of 2018 ("FSA"), early release was allowed only

upon motion of the Director of the Bureau of Prisons ("BOP").  However, under the FSA a defendant can bring a motion to the Court after exhausting his administrative remedies:

> [T]he court upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.] 18 U.S.C. § 3582(c)(1)(A).

The Court may grant a compassionate release and convert the remainder of a sentence to home confinement if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is consistent with the Sentencing Commission "policy statements" found in U.S.S.G. § 1B1.13; *see* 18 U.S.C. § 3582(c)(1)(A); *United States v. Young*, No. 2:00-cr-0002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (citations omitted) ("Although it does not appear that any federal circuit court of appeals has addressed this issue, a majority of the district courts that have considered the issue have likewise held, based on the First Step Act, that they have the authority to reduce a prisoner's sentence upon the court's independent finding of extraordinary or compelling reasons.").

The Sentencing Commission set forth three specific categories as qualifying as extraordinary and compelling: terminal medical conditions, medical debilitation, and family circumstances. U.S.S.G. § 1B.13, App. Notes 1(A)–(C).  A catchall was added—other reasons—which may act "in combination" with the prior categories or might be wholly independent.  *See* U.S.S.G. § 1B1.13, App. Note 1(D).  The Sentencing Commission policy statement requires a finding that the "defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2) & App. Note 1(A)(ii)(I), (III).

These policy statements pre-dated the enactment of The First-Step Act of 2018.  The FSA made significant changes to § 3582(c)(1)(A) intended to "increase the use of compassionate release," by entrusting district courts with discretion previously reserved for the director of the BOP.  *United States v. Brown*, 411 F.Supp.3d 446, 449 (S.D. Iowa 2019); *see also  United States v. Vigneau*, 97-cr-33-JJM-LDA, 2020 WL 4345105 at *3-4

(D.R.I. Jul. 21, 2020). The Sentencing Commission has not updated § 1B1.13 since the First Step Act amended § 3582(c)(1)(A) to provide that motions may be filed not only by BOP Director, but also by a Defendant. *See United States v. Aruda*, 993 F. 3d 797, at 798-99 (9th Cir. 2021). There is no binding policy statement currently governing compassionate release motions filed by defendants. *Id.* When deciding whether a sentence reduction is consistent with the Sentencing Commission policy statements, the Court recognizes that the FSA broadened its authority to act on a vast variety of circumstances that may constitute extraordinary and compelling circumstances. *Brown,* 411 F. Supp. At 449.

The purpose of the compassionate release provisions of the FSA is to allow defendants with extraordinary and compelling reasons to receive an expeditious resolution of a request for early release. However, "an exceptional event, . . . compassionate release remains 'rare' and 'extraordinary,' and courts routinely deny claims from inmates absent a showing of truly exceptional circumstances." *United States v. West*, No. 3:17-cr-00075, 2021 WL 1785077, at *2 (D. Or. May 5, 2021) (quoting *United States v. Hamman*, No. 3:16-cr-185, 2020 WL 3047371, at *5 (D. Or. June 8, 2020)).

**III. Analysis**

**A. Exhaustion of Administrative Remedies**

The starting point of the Court's §3582(c)(1)(A) inquiry is whether the Defendant has exhausted his administrative remedies by filing an administrative request for compassionate release with the warden of his facility. The Government does not contest that Defendant has exhausted his administrative remedies.

**B. Extraordinary and Compelling Reasons**

Defendant's motion argues extraordinary and compelling reasons for his early release exist based on his claim that he has asthma. The Government correctly points out that the Defendant's medical records do not show that he has asthma. He has not been diagnosed with or treated for asthma of any sort, let alone the moderate-to-severe asthma that the CDC has recognized as a condition that can make severe illness for COVID-19

more likely. In his reply Defendant points to a record showing that he has a "history" of asthma. Medical history is routinely based on self-reporting of the patient. He also reported that he was short of breath while playing basketball. However, during medical evaluations in March 2020, July 2021, and August 2021, he denied shortness of breath. Other than a reference to a "history" of asthma there is nothing in the records that remotely suggests that the Defendant suffers from asthma let alone the moderate or severe asthma the CDC has indicated may create a concern.

**IV. Conclusion**

Defendant has not shown extraordinary and compelling reasons for his immediate release. Defendant has not shown that it is probable that he has an underlying medical condition that puts him at increased risk for serious illness should he contract the COVID-19 virus.

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. 42) is **DENIED.**

Dated this 18th day of February, 2022.

_____
Douglas L. Rayes
United States District Judge